THE VITAPHONE CORPORATION,

*vs.*

ELECTRICAL RESEARCH PRODUCTS, INC.

*New Castle, June* 28, 1933.

*Hugh M. Morris,* and *George Wharton Pepper* and *Theodore S. Paul,* both of Philadelphia, Pa., and *Robert W. Perkins,* of New York City, for complainant.

*Christopher L. Ward, Jr.,* and *Arthur G. Logan,* of the firm of Marvel, Morford, Ward & Logan, and *G. F. Hurd* and *J. H. Ray,* both of New York City, for defendant.

PENNEWILL, *Chief Justice*: In the above case, after the bill of complaint was filed and restraining order issued, the respondent elected to defend by plea. The issue thus presented was whether the plea constituted a bar to the right of the complainant to maintain its action in this court upon the facts set up in the bill.

Every question raised by the plea was fully and ably argued by counsel for the respective parties, and soon thereafter the court handed down an opinion overruling respondent's plea. Every question that was argued was carefully considered by the court and covered in its opinion.

After the opinion was filed the respondent asked permission to re-argue the case, and moved that the restraining order originally issued, and later modified, be further modified. The first modification consisted of the addition of a clause reading "unless further steps in said arbitration proceedings are taken by complainant." It is now moved to further modify said restraining order by eliminating therefrom the following: "from taking any step or doing any act or acts, save in the above entitled cause to prevent the complainant herein from duly prosecuting the above entitled suit and specifically from proceeding or attempting to proceed with the arbitration proceeding referred to in the bill of complaint and from doing any act or taking any step or steps looking to the further prosecution of said arbitration proceeding, unless further steps in said arbitration proceeding are taken by the complainant."

The case was reargued at considerable length orally

and on briefs. Every question discussed originally has now been argued again, and very elaborately. I feel bound to say that I have not found anything really new in the recent arguments. The points formerly discussed have been strongly emphasized, but the discussion is substantially the same. And this is readily understood because the briefs furnished in the original arguments were so thorough that anything additional could not be expected.

Therefore, the case as now presented is this: Shall the court, after the reargument, and after further consideration, reverse its former decision?

The grounds relied on and particularly stressed by the respondent in its first argument were:

1. That the arbitration covenant here involved is, under the law of the State where made and to be performed, valid, enforceable and irrevocable; and that this court should, as a matter of judicial comity, recognize such law by refusing to take further cognizance of the cause.

2. That under the arbitration covenant and the law of the State where made, the respondent is given a substantive right of defense, to wit, immunity from suit, and that this is a right that must be recognized by the court of another State under the full faith and credit clause of the *Federal Constitution* (*Article* 4, §1).

3. That by taking further cognizance of this cause the court would destroy the respondent's right to freedom from suit upon the claims asserted in the bill, and thus deprive the respondent of property without due process of law in violation of constitutional rights.

4. That the complainant brings its action in violation of its irrevocable agreement to arbitrate the claims here asserted, and therefore comes into this court with unclean hands and should be barred from relief.

Grounds one, two and three were considered by the

court, after able and elaborate argument by counsel, and decided against the respondent. The court did not have much difficulty in reaching a conclusion on those points, as will appear from its opinion, and it can see no reason for writing a further opinion thereon. It can do no more than reaffirm its decision heretofore given.

Respecting the fourth ground, I said·in my opinion, that it had given me some concern, but concluded that in view of all the facts disclosed by the record the complainant was not barred from maintaining its action here. Upon this point my opinion has not been changed, but I wish to briefly supplement what I then said. While I feel clear that this court is not bound by comity, or law, to recognize an arbitration covenant and/or a remedial arbitration statute of another State, as binding on this court, I had the feeling that on broad grounds or principles of equity the complainant should not be permitted to repudiate a solemn agreement to arbitrate all matters in dispute, after four years of time and labor had been spent, and three-fourths of a million dollars had been incurred in the arbitration, unless there was good reason for its action. In the absence of such reason it would seem inequitable for the complainant to maintain a suit here for the same subject matter that was embraced in the arbitration proceeding in another State and thus render futile all the time, labor and expense there incurred.

The complainant says it requested the arbitrators to withdraw from the proceedings because of the great delay and expense, and because the arbitration had proved abortive and nugatory. The arbitration had continued for four years before the restraining order was issued, and no award was made. The hearings are not yet concluded on the first point. Counsel disagree about the further time that would be required to finish the evidence on the first and most important point, but judging the future by the past, it certainly would require much more time, and a

continuation of heavy expense to complete the arbitration and make an award. I will not undertake to say what has caused the great delay, but I believe the delay and expense have caused a failure of the arbitration and that the complainant was warranted in commencing, *de novo*, by instituting an action here. The arbitrators are outstanding in their profession, and for that reason are very busy men, having a great deal of other important legal business. Such lawyers could hardly be expected to give to this particular business—this arbitration—the time and attention it required. Even if the restraining order should be modified, and the three present arbitrators meet again, which is doubtful, the inevitable delay and continued expense would, in my opinion, make the arbitration ineffective, if it is not already so.

For the reasons given, I feel constrained to refuse the motion of respondent to modify the restraining order heretofore issued.

I feel that the most important duty that I can now perform is to render a decision in the case before me without delay, so as to expedite, as much as possible, the final disposition of the case.

NOTE.—From the order entered in accordance with the opinions filed in this cause an appeal was taken by the defendant. The opinion of the Supreme Court will appear in a subsequent volume of *Delaware Chancery Reports.*